# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION NO. 11-008 |
|---|---|---|
| v. | : | |
| ANTHONY THOMAS | : | |

## MEMORANDUM OPINION

**Savage, J.**                                                                                                          **September 12, 2013**

      The defendant, who pled guilty to two counts of distribution of cocaine, one count of possession of a firearm in furtherance of drug trafficking and one count of possession of a firearm by a convicted felon, has filed a *pro se* motion under 28 U.S.C. § 2255, alleging that his attorney was ineffective at his suppression hearing. He argues that "my lawyer never argued the reliability of the informant" and "was arguing something that was not the law."[1] He does not contest the validity of his guilty plea or his plea agreement. Nor does he question the appellate waiver.

      The government seeks dismissal of the motion because the defendant waived his appellate rights, including the right to collaterally attack his sentence. In the alternative, the government argues that the defendant's motion is time-barred because it was filed more than one year after his conviction became final.

      I conclude that the defendant knowingly and voluntarily waived the right to collaterally attack his sentence, and that upholding the waiver will not result in a miscarriage of justice. Even if there had been no valid waiver, the defendant's motion would be untimely. Therefore, the defendant's motion will be denied.

---

[1] Mot. to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Mot.") (Doc. No. 60) at 5.

## Procedural History

The defendant was charged in an indictment with two counts of distribution of cocaine, one count of possession of a firearm in furtherance of drug trafficking and one count of possession of a firearm by a convicted felon. On April 4, 2011, after his pretrial motion to suppress physical evidence was denied, the defendant entered a guilty plea. The plea agreement contained a waiver of appellate rights, including a waiver of his right to pursue a collateral attack through a motion to vacate, set aside or modify his sentence pursuant to 28 U.S.C. § 2255. The defendant limited his right to appeal to four instances. He reserved the right to appeal only if the government appealed, his sentence exceeded the statutory maximum, or the sentencing judge varied or erroneously departed upward from the sentencing guideline range. He also reserved the right to appeal the decision denying his suppression motion.

On September 13, 2011, the defendant was sentenced to seventy-two months imprisonment followed by a ten-year term of supervised release. He filed a timely notice of appeal with the Third Circuit Court of Appeals, raising the suppression issue. On May 10, 2012, the Third Circuit affirmed his conviction. The defendant did not request rehearing or file for certiorari.

On July 13, 2013, more than one year after his conviction became final, the defendant filed his *pro se* motion under 28 U.S.C. § 2255. The government filed its response, raising the appellate waiver and the time bar.

## The Appellate Waiver

Appellate waivers are valid and enforceable if entered knowingly and voluntarily, and enforcing them will not work a miscarriage of justice. *United States v. Khattak*, 273 F.3d 557, 558 (3d Cir. 2001). A waiver of appeal includes relinquishing "the opportunity to challenge the sentence imposed, regardless of the merits." *Id*. at 561.

When a waiver has been entered knowingly and voluntarily, it must be enforced except in the unusual circumstance where an error amounts to a miscarriage of justice. *Id*. at 561-62. The exception is applied "sparingly and without undue generosity." *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005) (citation omitted).

In analyzing whether an appellate waiver should be set aside to avoid a potential miscarriage of justice, the court considers a number of factors. *Khattak*, 273 F.3d at 563. Relevant factors include:

> [t]he clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.

*Id*. (citation omitted). While noting that it chose "not to earmark specific situations," the *Khattak* court stated that these factors are offered as "some guidelines," and emphasized that the governing standard is one of a "miscarriage of justice." *Id*.

Only where the defendant claims that the waiver itself was the result of counsel's ineffectiveness will courts decline to enforce an appellate waiver. *United States v. White*, 307 F.3d 336, 344 (5th Cir. 2002); *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001); *United States v. Cockerham*, 237 F.3d 1179, 1182 (10th Cir. 2001); *DeRoo v. United States*, 223 F.3d 919, 924 (8th Cir. 2000); *United States v. Djelevic*, 161 F.3d 104,

107 (2d Cir. 1998); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1998). In other words, the only claim of counsel's ineffectiveness that a defendant who has executed a waiver can bring is one that his attorney was ineffective in negotiating the plea agreement containing the waiver. Thus, all other ineffectiveness contentions are precluded by the waiver.

To ensure that an appellate waiver is knowing and voluntary, the judge must inform the defendant of the plea agreement provision waiving the right to appeal or collaterally attack a sentence, and determine that the defendant understands the waiver. *Khattak*, 273 F.3d at 560. The defendant was so advised during the guilty plea colloquy.

In his motion, the defendant does not contend that he entered the plea agreement unknowingly or that he did not understand the waiver. He attacks his attorney's performance at his suppression hearing. He does not claim his attorney was ineffective in securing a plea agreement with the waiver provision.

At his guilty plea hearing, the defendant was specifically advised of his appellate rights and his right to collaterally attack his sentence by a *habeas* petition. 04/04/11 Change of Plea Hr'g Tr. 17:6-18:11. He acknowledged that he had those rights and was relinquishing them. *Id.* He confirmed that his decision to plead guilty was voluntary and he was pleading guilty of his own free will. *Id.* at 5:25-6:5. He also stated that he was satisfied with his attorney's representation. *Id.* at 5:22-24. At no time during the guilty plea colloquy or sentencing did he exhibit any reluctance to go forward or a lack of understanding of what he was giving up by pleading guilty.

Prior to accepting the plea, I found that the defendant's willingness to enter a guilty

plea was voluntary and he had a full understanding of his right to go to trial. 04/04/11 Change of Plea Hr'g Tr. 26:12-27:4. After he entered his guilty plea and before I adjudged him guilty, the defendant did not have any questions about what had transpired at the hearing. *Id*. at 27:24-28:1. He stated explicitly that he was at the hearing "to show [his] guilt, to take [his] responsibilities [sic] for what [he] did" and to "sign the plea agreement." *Id.* at 28:5-7; 2:11-15. Thus, the defendant's appellate waiver was knowing and voluntary.

Justice will not be compromised by enforcing the waiver. The defendant admitted his guilt. After the Assistant United States Attorney recited the evidence that the government would present at trial, the defendant acknowledged that he had done what the government contended he had done. *Id*. at 25:1-22.

Because the waiver was knowing and voluntary, it must be enforced. The government did not appeal the sentence, the sentence was not above the applicable sentencing guideline range, and did not exceed the statutory maximum sentence. Additionally, the defendant exercised his right under the plea agreement to appeal the suppression ruling to the Third Circuit Court of Appeals. The defendant has not offered nor do I find any circumstances that would result in a miscarriage of justice by enforcing the waiver. Therefore, the waiver must be upheld.

### Ineffective Assistance of Counsel

Even if the appellate waiver were invalid, the defendant's claim would fail on the merits. The defendant argues that his counsel was ineffective because his attorney failed, at the suppression hearing, "to argue the reliability of the informant."[2]

---

[2] § 2255 Mot. at 5.

An ineffective assistance of counsel claim is evaluated under the two-step *Strickland* test which considers, first, whether counsel's performance was so deficient as to constitute a denial of counsel; and, if so, then, whether the alleged errors prejudiced the defendant by depriving him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The defendant cannot demonstrate that his attorney's performance was deficient. Defense counsel professionally and ably litigated the suppression motion. The informant's role in the case was minimal and not essential to the government's position on the legality of the search. The decision on the motion did not rise or fall on the informant or his credibility. The police secured the search warrant on the basis of what the police officers personally observed, not solely on what the informant told them.

## Conclusion

The defendant's appellate waiver was knowing and voluntary; and, enforcing it will not work a miscarriage of justice. Even if the waiver were invalid, his § 2255 motion would be untimely. Therefore, the defendant's motion will be denied.